*This case was not selected for publication in the Federal Reporter*

*[DO NOT PUBLISH]*

**Eduardo DIAZ, Plaintiff–Appellant,**

v.

**Dr. Marcus MOSELEY, M.D., John Doe # 1, John Doe # 2, Defendants–Appellees.**

No. 05–16293

United States Court of Appeals, Eleventh Circuit.

Nov. 29, 2006.

Eduardo Diaz, Sparta, GA, pro se.

Bonnie L. Keith, Hayes Michael Dever, Friedman, Dever & Merlin, LLC, Atlanta, GA, for Defendants–Appellees.

Before BIRCH and BLACK, Circuit Judges, and PRESNELL,* District Judge.

PER CURIAM:

Eduardo Diaz, proceeding *pro se,* filed this § 1983 suit alleging civil rights violations by Defendant, Dr. Moseley, and other unidentified Defendants. He appeals the district court's (1) grant of summary judgment for Dr. Moseley, (2) dismissal of the claim for failure to exhaust his administrative remedies, (3) denial of his motion for appointment of counsel, and (4) denial of his motion to compel discovery.[1]

After hearing oral argument and reviewing the record developed by Appellant proceeding *pro se* before the district court, we have determined the record is not sufficiently developed to allow us to review the issues in this case.[2] Where appellate review is "hampered because the record is ambiguous due to inadequate development of the critical facts," we have held it proper to remand to the district court. *United States v. Robinson,* 625 F.2d 1211, 1217 n.

---

\* Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

**1.** This Court is aware that on October 30, 2006, the Supreme Court heard oral argument in the cases of *Jones v. Bock,* 135 Fed. Appx. 837 (6th Cir.2005), *cert. granted* —— U.S. ——, 126 S.Ct. 1462, 164 L.Ed.2d 246 (2006), *argued* Oct. 30, 2006, and *Williams v. Overton,* 136 Fed.Appx. 859 (6th Cir.2005), *cert. granted* —— U.S. ——, 126 S.Ct. 1463, 164 L.Ed.2d 246 (2006), *argued* Oct. 30, 2006.

**2.** For example, we are not able to determine the factual basis for the exhaustion issues from the current record on appeal.

7 (5th Cir.1980) (citations omitted).[3]

VACATED AND REMANDED.

---

**3.** The Court appreciates the fine representation of appellate appointed counsel and hopes he would consider accepting appointment to continue to represent Appellant in subsequent proceedings.

